IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ELBERT BALLARD,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 2:23-cv-698-MHT-CWB |
| | ) |
| **MEDICAL STAFF AT HAMILTON** | ) |
| **AGED AND INFIRMED,** | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate incarcerated at the Hamilton Aged & Infirmed Facility in Hamilton, Alabama, filed this action on a form used by inmates to assert claims under 42 U.S.C. § 1983. Plaintiff has identified the sole defendant as "Medical Staff at Hamilton Aged & Infirmed" on the allegation that he has been subjected to various unconstitutional conduct while housed at the Hamilton Aged & Infirmed Facility. Upon initial review, the undersigned finds that this action should be transferred to the United States District Court for the Northern District of Alabama.

"A civil action may be brought in—(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). Here, however, Plaintiff has identified no defendant who resides in the Middle District of Alabama and has described no events or omissions that occurred in the Middle District of Alabama. Nor can the undersigned discern any factual basis that would render venue either proper or convenient in the Middle District of Alabama. All of the actions at

1

issue are alleged to have occurred in Marion County, Alabama, which is located within the geographical boundaries of the United States District Court for the Northern District of Alabama. *See* 28 U.S.C. § 81(a)(7). Therefore, the only proper venue for this action would be the Northern District of Alabama. *See* 28 U.S.C. § 1391(b).

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See also* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought … ."). Accordingly, the undersigned Magistrate Judge hereby **RECOMMENDS** that this action be transferred to the United States District Court for the Northern District of Alabama. *See Berry v. Salter*, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001) ("[T]he court may transfer a case *sua sponte* under either 28 U.S.C. § 1404 or 28 U.S.C. § 1406.").[1]

It is **ORDERED** that any objections to this Recommendation must be filed by **December 22, 2023**. An objecting party must identify the specific portion of any factual findings or legal conclusions to which objection is made and must describe in detail the basis for the objection(s). Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with

---

[1] The undersigned notes that Plaintiff has filed an application to proceed *in forma pauperis* (Doc. 2), along with a prisoner trust fund account statement (Doc. 3). A determination of *in forma pauperis* status, however, should be undertaken by the United States District Court for the Northern District of Alabama.

instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1. No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 8th day of December 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**